**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
In re:

MARIO F. MOYA-GARCIA,

                          Debtor.

------------------------------------------------------------------X

Chapter 7

15-12177 (MG)

### ORDER, PURSUANT TO 11 U.S.C. §§ 105 AND 363, APPROVING SALE OF THE DOMAIN NAME HAUTECOUTURE.COM FREE AND CLEAR OF LIENS AND GRANTING RELATED RELIEF

Upon the *Chapter 7 Trustee's Motion, Pursuant to 11 U.S.C. §§ 105 and 363 Seeking Entry of Orders: (I) Approving (A) Bid Procedures, (B) Notice of Sale, Auction and Sale Hearing, and (C) Scheduling Auction and Sale Hearing; and (II) Approving the Sale of the Domain Name Hautecouture.com Free and Clear of All Liens, Claims and Encumbrances and Granting Related Relief*, dated January 4, 2016 [Dkt. No. 14] (the "**Motion**"), filed on behalf of Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") of the chapter 7 bankruptcy estate (the "**Estate**") of Mario F. Moya-Garcia, the above-captioned debtor (the "**Debtor**"); and the Motion having sought entry, pursuant to sections 105 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), of (I) an order, among other things, (A) approving bid procedures (the "**Bid Procedures**") in connection with the Trustee's proposed sale of the Estate's right, title, and interest in the Debtor's domain name Hautecouture.com (the "**Domain Name**"), (B) scheduling an auction (the "**Auction**"), the deadline for objecting to the Motion (the "**Objection Deadline**") and a sale hearing (the "**Sale Hearing**"), and approving the form and manner of notice thereof; and (II) an order (A) approving the Trustee's sale of the Estates' right, title and interest in the Domain Name to the bidder submitting the highest and best bid free and clear of liens, claims, encumbrances and interests; and (B) granting related relief; and upon the record of the first

hearing on the Motion held on January 19, 2016 (the "**Bid Procedures Hearing**"); and upon the *Order Pursuant to 11 U.S.C. §§ 105 and 363 Approving: (A) Bid Procedure; (B) Notice of Sale, Auction and Sale Hearing; and (C) Scheduling Auction and Sale Hearing*, entered on January 20, 2016 [Dkt. No. 19] (the "**Bid Procedures Order**"), that, among other things, scheduled an On-Line Auction for February 16, 2016 at 10:00 a.m. through February 23, 2016 at 5:00 p.m. (New York Time) and a Sale Hearing for March 23, 2016, and fixed March 16, 2016 as the Objection Deadline; and in accordance with the Bid Procedures, the Trustee having extended the On-Line Auction to March 8, 2016; and upon the *Declaration of Jack Hazan in Support of Sale of the Estate's Right, Title and Interest In and To the Domain Name Hautecouture.com* [Dkt. No. 25]; and upon the *Certificate of No Objection Regarding Chapter 7 Trustee's Motion, Pursuant to 11 U.S.C. §§ 105 and 363 Seeking Entry of Orders: (I) Approving (A) Bid Procedures, (B) Notice of Sale, Auction and Sale Hearing, and (C) Scheduling Auction and Sale Hearing; and (II) Approving the Sale of the Domain Name Hautecouture.com Free and Clear of All Liens, Claims and Encumbrances and Granting Related Relief* [Dkt. No. 24]; and good and sufficient notice of the Motion, the On-Line Auction and the Objection Deadline having been given and no other notice being required; and upon all of the proceedings had before the Court; and after due deliberation, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**[1]

A.    The Court has jurisdiction over the Motion, this matter and over the

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. See Fed. R. Bankr. P. 7052.

2

property of the Estate pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). The statutory predicates for the relief sought herein are Bankruptcy Code sections 105 and 363. Venue of this case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

        B.       The relief granted herein is in the best interests of the Estate, all creditors and other parties in interest.

        C.       The notice of the Motion, the Bid Procedures Hearing, the Bid Procedures Order, the Bid Procedures, the On-Line Auction, and the Objection Deadline (as evidenced by the Certificates of Service filed on the docket of this case), given by the Trustee constitutes due and sufficient notice thereof.

        D.       A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

        E.       Good and sufficient reasons for approval of the sale to Haluk Akakce, (the "**Buyer**") for $20,000.00 (the "**Purchase Price**") have been articulated, and the relief requested in the Motion is in the best interests of the Estate, its creditors and other parties in interest.

        F.       The sale of the Domain Name to Buyer was the product of an auction that was conducted in good faith and at arm's length.

        G.       The Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to the full protection of that provision.

        H.       The transfer of the Domain Name hereunder will be a legal, valid, and effective transfer of the Domain Name and will vest the Buyer with all right, title, and interest of

the Estate to the Domain Name free and clear of all liens, claims, encumbrances, obligations, liabilities or interests of any kind or nature whatsoever, if any (collectively, the "**Interests**").

        I.        The Buyer's bid for the Domain Name constitutes the highest or otherwise best offer received for the Domain Name. The Trustee conducted the Auction in accordance with, and has otherwise complied with, the Bid Procedures Order. The Trustee's marketing of the Domain Name was reasonable and appropriate considering the facts and circumstances of this chapter 7 case and the nature of the Domain Name.

        J.        The Trustee's determination that Buyer's offer constitutes the highest or otherwise best offer for the Domain Name constitutes a valid and sound exercise of the Trustee's business judgment.

        K.        The Trustee may sell the Domain Name free and clear of any Interests of any kind or nature because at least one of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) has been otherwise satisfied with respect to such Domain Name. Any and all holders of Interests who did not object are deemed to have consented to the sale, free and clear of Interests, pursuant to Bankruptcy Code section 363(f)(2).

        L.        Interests, if any, will attach solely to the proceeds of the sale of the Domain Name, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority that such Interests now have against the Domain Name or its proceeds, subject to any rights, claims and defenses that the Debtor, the Trustee or the Estate may possess with respect thereto.

        M.        The Trustee has made a good and sufficient showing that the sale must close as soon as possible.

4

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

1. The Motion is granted, as provided herein.

2. Any and all objections to the Motion or to the relief requested therein, if any, that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights, if any, included in such objections, are overruled in all respects on the merits.

3. The Trustee is hereby authorized to sell all of the Estate's right, title and interest, in and to the Domain Name to the Buyer for the amount of $20,000.00.

4. The sale of the Domain Name to Buyer is hereby approved and without further order or notice, the Trustee is hereby authorized to take all other and further actions as may be reasonably necessary to implement the sale, including executing and delivering a bill of sale to Buyer.

5. The consideration provided to the Trustee and the Estate in exchange for the Domain Name is fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

6. The sale of the Domain Name was conducted by the Trustee in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity and enforceability of the sale of the Domain Name, unless such authorization is duly stayed pending such appeal. Buyer is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m).

5

7. As of the closing, the sale will result in a legal, valid, enforceable and effective sale and transfer of the Domain Name to the Buyer and shall vest the Buyer with title to such Domain Name free and clear of all Interests, with any such Interests to attach to the proceeds of the sale of the Domain Name, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority that such Interests now have against the Domain Name or its proceeds, subject to any rights, claims and defenses that the Debtor, the Trustee or the Estate, as applicable, may possess with respect thereto.

8. Except as expressly permitted or otherwise specifically provided by this Order, all person(s) holding Interests in or to the Domain Name arising under or out of, in connection with, or in any way relating to the Debtor or the Domain Name, prior to the transfer of the Domain Name to the Buyer, hereby are forever barred, estopped and permanently enjoined from asserting against the Buyer or its successor or assigns, its property, or the Domain Name, such person(s)' Interest in the Domain Name.

9. If any person that has filed statements or other documents or agreements evidencing Interests in or to the Domain Name shall not have delivered to the Trustee prior to the closing of the sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, or any other documents necessary for the purpose of documenting the release of all Interests which the person has or may assert respecting the Domain Name, the Trustee is hereby authorized and directed, and the Buyer is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person with respect to the Domain Name.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry and the Trustee and the Buyer are authorized to close the sale immediately upon entry of this Order, notwithstanding any otherwise applicable waiting period.

11. The Domain Name shall be sold, transferred and delivered to Buyer on an "as is, where is" and "with all faults" basis.

12. This Order is and shall be binding upon and govern the acts of all persons, including, without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages or deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments; and each of the foregoing persons is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the sale and transfer of the Domain Name to the Buyer.

13. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order, related agreements, and all amendments thereto and any waivers and consents thereunder.

**IT IS SO ORDERED.**

Dated: March 29, 2016
      New York, New York

                                                                       **/s/Martin Glenn**
                                                                    MARTIN GLENN
                                                     United States Bankruptcy Judge